IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERIC L. CAPLE,                )
                              )
        Plaintiff,             )
                              )
    v.                         )       1:24CV652
                              )
KIM FOY, et al.,              )
                              )
        Defendants.            )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court *sua sponte*. In or about July 2024, Plaintiff filed the instant action along with an application to proceed *in forma pauperis*. (Docket Entries 1-3.) The Court conditionally granted Plaintiff *in forma pauperis* status and ordered him to submit summonses for each Defendant. (*See* Docket Entry 4.) Summonses were issued (Docket Entry 6), and after some Defendants were successfully served (Docket Entries 10, 10-1, 10-2, 10-3), an answer was filed (Docket Entry 11).[1]

The record thereafter reflects that mail sent to Plaintiff's address on file with the Court was returned to the Court on October 18, 2024, and again on November 1, 2024. (Docket Entries 13, 14.) On December 6, 2024, the Court entered an order noting that "[t]he docket . . . reflect[ed] that previous mail, on two occasions, sent by the Clerk to Plaintiff was retu[r]ned marked as 'Return to Sender', 'Not Deliverable as Addressed', and 'Unable to Forward.'" (*See* Text Order dated 12/06/2024 (citing Docket Entries 13, 14).) The order gave Plaintiff until

---

[1] Summonses were returned unexecuted for two Defendants. (Docket Entries 9, 9-1.)

1

"December 20, 2024, to notify the Court of his current address" and warned Plaintiff that otherwise "this action w[ould] be dismissed without prejudice for failure to prosecute and for failure to comply with th[e] Order." (*Id.*)  By Text Order dated February 5, 2025, the Court again gave Plaintiff until March 7, 2025, to notify the Court of his current address.  (*See* Text Order dated 2/5/2025.)[2]

To date, Plaintiff has failed to comply with the previous Court orders in that he has failed to notify the Court of a current address in a timely manner.  "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."  *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).  This rule also provides for dismissal "[i]f the plaintiff fails to prosecute," Fed. R. Civ. P. 41(b).  "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion."  *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  In this case, Plaintiff has failed to comply with the Court's previous orders.  Thus, the circumstances warrant dismissal *sua sponte*.

---

[2] The Court also mailed the February 5, 2025 Text Order to Plaintiff's housing facility according to the North Carolina Department of Adult Correction.  *See* Offender Public Information Search/ Offender Locator, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (search by offender number) (last visited Mar. 13, 2025).

In making this recommendation, the undersigned acknowledges that "dismissal is not a sanction to be invoked lightly." *Ballard,* 882 F.2d at 95. In such instances, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Id.; accord Hillig v. C.I.R.,* 916 F.2d 171, 174 (4th Cir. 1990). Here, Plaintiff bears sole responsibility for his non-compliance and failure to prosecute, and continual delay of this action will potentially prejudice Defendants. Also, while the record may not reflect a long pattern of dilatory conduct by Plaintiff, there are no other sanctions that appear appropriate in this matter given the considerable passage of time with no response from Plaintiff. As a result, the undersigned will recommend that this case be dismissed without prejudice pursuant to Rule 41(b).

In addition, it is Plaintiff's responsibility to keep the Court abreast of his current address. *See Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.") Moreover, as Plaintiff was reminded, the Local Rules provide that "[i]f mail directed to a *pro se* plaintiff from the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address," the Court may dismiss without prejudice the action for failure to prosecute. LR 11.1(b). Here, because Plaintiff has failed to notify the Court of a current address in a timely manner, this too is sufficient grounds for dismissal without prejudice at this time.

Accordingly, for the reasons stated herein, **IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) and pursuant to Local Rule 11.1(b).

This, the 14th day of March, 2025.

/s/ Joe L. Webster
United States Magistrate Judge